J-S22015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD ANDREW KESSELRING | : | |
| | : | |
| Appellant | : | No. 1942 MDA 2019 |

Appeal from the PCRA Order Entered October 29, 2019
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001051-2016

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY OLSON, J.:          **FILED: JUNE 8, 2020**

Appellant, Ronald Andrew Kesselring, appeals from the order entered on

October 29, 2019, dismissing his petition filed pursuant to the Post Conviction

Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the relevant factual and procedural history of this

case as follows.[1]  On August 18, 2016, a police officer and two deputy sheriffs

arrived at Appellant's motorcycle shop in Reading, Pennsylvania to serve a

domestic relations bench warrant on an employee, Nathan Brough.   When

they arrived, Appellant and Brough, who were standing outside in the parking

lot, made eye-contact with the law enforcement agents, quickly entered the

---

* Retired Senior Judge assigned to the Superior Court.

[1] A prior panel of this Court provided a more detailed recitation in an
unpublished memorandum decision on direct appeal.  **See Commonwealth
v. Kesselring**, 2018 WL 1404884 (Pa. Super. 2018) (unpublished
memorandum).

building, and locked the door. One of the deputies knocked on the door, announced his presence, and stated that there was a warrant for Brough's arrest. When Appellant opened the door, he told the deputy that Brough had left, but allowed law enforcement entry. When the deputy entered, Appellant started yelling loudly in an effort to alert Brough to the presence of law enforcement officials. After a 30-40 minute search, the deputies eventually found Brough hiding in a crawl space.

A jury convicted Appellant of two counts of hindering apprehension or prosecution and one count of obstructing administration of law or other governmental function.[2] The trial court sentenced Appellant to an aggregate term of 10 to 24 months of imprisonment. Appellant appealed. Relevant to the current matter, Appellant argued, *inter alia*, that there was insufficient evidence to support his hindering apprehension convictions because "the Commonwealth failed to present the actual warrant [for Brough's arrest] into evidence and there was no allegation that Brough committed a crime." ***Commonwealth v. Kesselring***, 2018 WL 1404884 (Pa. Super. 2018) (unpublished memorandum) at *2. We determined that Brough testified that he was aware that there was a domestic relations bench warrant issued for his failure to appear for a hearing and that he was subject to criminal contempt penalties. ***Id.*** at *5. As such, despite not presenting the warrant at trial, our Court found that the Commonwealth presented sufficient evidence to support

---

[2] 18 Pa.C.S.A. §§ 5105(a)(1), 5105(a)(5), and 5101, respectively.

Appellant's hindering apprehension convictions. Appellant appealed our decision and the Pennsylvania Supreme Court denied further review. *See Commonwealth v. Kesselring*, 207 A.3d 911 (Pa. 2019).

Appellant filed a PCRA petition on August 7, 2019, raising five allegations of trial counsel's ineffectiveness. The PCRA court held an evidentiary hearing on September 23, 2019. The PCRA court denied relief by opinion and order entered on October 29, 2019. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues[4] for our review:

1.  Did the [PCRA c]ourt err[] in denying [Appellant's] PCRA petition, when [Appellant] asked his attorney to file a suppression motion, there was [*sic*] no exigent circumstances, the police did not get a search warrant, [Appellant] did not consent, the police officer did not show [Appellant] an arrest warrant, and the police entered [Appellant's] building?

2.  Did the [PCRA c]ourt err[] in denying [Appellant's] PCRA petition, when [trial counsel] failed to put forth a motion for a directed verdict when at the conclusion of the Commonwealth's case [] the Commonwealth had not introduced an arrest warrant nor had they [*sic*] introduced a search warrant and thus were lacking [proof of] an element of the crime?

3.  Did the [PCRA c]ourt err[] in denying [Appellant's] PCRA petition, when at the conclusion of the Commonwealth's case

_____

[3] Appellant filed a notice of appeal on November 15, 2019. On November 18, 2019, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on December 6, 2019. On December 9, 2019, the PCRA court issued an order pursuant to Pa.R.A.P. 1925(a) stating that it was relying upon its earlier opinion entered on October 29, 2019, as its rationale for denying Appellant relief.

[4] We have reordered Appellant's issues for clarity and ease of discussion.

the Commonwealth had failed to introduce an element of the crime and [Appellant's] attorney [called Brough as a] witness [who] testified that he had been subject to an arrest warrant, thus introducing said element?

4. Did the [PCRA c]ourt err[] in denying [Appellant's] PCRA petition, when [Appellant] told his attorney about his requirement to keep the inspection certificates and temporary inspection approval indicators under lock and key, and his attorney failed to research and present evidence regarding said regulations?

Appellant's Brief at 4.

All four of Appellant's appellate issues allege that trial counsel rendered ineffective assistance. As such, we adhere to the following standards:

> On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record.
>
> The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Miller**, 212 A.3d 1114, 1123 (Pa. Super. 2019) (internal citations and quotations omitted).

Moreover, in evaluating ineffective assistance of trial counsel claims:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs.

Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Id.* at 1126.

Appellant's first three issues are interrelated and we will examine them together. Appellant posits:

The charges against [Appellant] are based on three officers serving an arrest warrant on an employee of [Appellant]. The officers saw the employee and [Appellant] enter the building. An officer went to the door that the employee and [Appellant] had entered and attempted to open the door. The officer told [Appellant] to open the door [and] that he had a warrant for [Appellant's] employee. Approximately two minutes later [Appellant] opened the locked door to his office. The building was surrounded by two other police officers. Another deputy had entered the building and was searching the building.

[Appellant] repeatedly asked the police officers for a warrant. The employee was found hiding in the attic after approximately 30 - 40 minutes of searching.

The Commonwealth never introduced any warrant at trial. The Commonwealth presented to the jury that [Appellant] had a legal duty to open the door to his office.

[Appellant] requested that his attorney file a suppression motion regarding the Commonwealth's lack of a search warrant. A suppression motion was never filed.

Appellant's Brief at 7.

Appellant contends that the building which housed his business is considered curtilage because it is on the same plot of land as his residence. Thus, he argues he was entitled to a heightened expectation of privacy in his office. *Id.* at 11-12. Appellant claims that a "law enforcement officer may not intrude into the protected space around a home without a warrant" and

- 5 -

that, here, he asked for a warrant when police announced their presence, but it was not produced. *Id.* at 13-14. Appellant additionally argues there were no exigent circumstances prompting immediate, warrantless police action. *Id.* at 14-15. Accordingly, Appellant argues that "police should have obtained a search warrant prior to entering [Appellant's] office" and that trial counsel was ineffective for failing to file a motion to suppress evidence ultimately recovered by police.[5] *Id.* at 16.

Furthermore, in conjunction with his first claim, Appellant also argues that because the Commonwealth failed to present Brough's arrest warrant at trial "and there was no allegation of [Brough's] purported crime[,]" the Commonwealth failed to prove that Appellant hindered apprehension and trial counsel was ineffective for failing to move for a directed verdict. *Id.* at 21-23. In his third inter-related claim, Appellant maintains that trial counsel was ineffective for "put[ting] forth [Brough, as] a witness [who] testified that he had been the subject of an arrest warrant, thus introducing the missing element for the Commonwealth." *Id.* at 23.

Initially, we note that the PCRA court erroneously determined that Appellant's claim regarding the admission of the warrant into evidence at trial was previously litigated on direct appeal and, "therefore, inappropriate for

_____

[5] In his appellate brief, Appellant does not set forth what evidence he sought to suppress. At the PCRA evidentiary hearing, however, Appellant stated that he requested suppression of any evidence regarding law enforcement's discovery of Brough inside the repair shop. N.T., 9/23/2019, at 10.

PCRA relief." PCRA Court Opinion, 10/29/2019, at 5. Our Supreme Court has stated

> ineffectiveness claims are distinct from those claims that are raised on direct appeal. The former claims challenge the adequacy of representation rather than the conviction of the defendant. Accordingly, [] a Sixth Amendment claim of ineffectiveness raises a distinct legal ground for purposes of state PCRA review under [Section] 9544(a)(2). Ultimately, the claim may fail on the arguable merit or prejudice prong for the reasons discussed on direct appeal, but a Sixth Amendment claim raises a distinct issue for purposes of the PCRA and must be treated as such. [Accordingly, a] PCRA court should recognize ineffectiveness claims as distinct issues and review them under the three-prong ineffectiveness standard [].

*Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005) (internal citations and quotations omitted).

Here, on direct appeal, a prior panel considered that, despite the Commonwealth's failure to admit Brough's arrest warrant into evidence at trial, Brough's trial testimony -- that he knew there was an active warrant for his failure to attend a required domestic relations hearing -- was sufficient to support Appellant's convictions for hindering apprehension. Thus, on direct appeal, we previously determined that the Commonwealth was not required to produce Brough's actual arrest warrant. For that same reason, we conclude there is no arguable merit to Appellant's collateral claim that trial counsel rendered ineffective assistance for failure to file a motion to suppress or request a directed verdict based upon the Commonwealth's failure to admit Brough's arrest warrant into evidence at trial. Furthermore, while trial counsel

called Brough as a witness at trial,[6] the Commonwealth elicited Brough's testimony regarding the existence of a bench warrant for his arrest on cross-examination. Accordingly, there is no merit to Appellant's first three claims related to trial counsel's effectiveness regarding evidence (or lack thereof) of an arrest warrant for Brough.

Finally, Appellant argues that trial counsel rendered ineffective assistance for failing to present evidence at trial explaining Appellant's failure to open the locked office door immediately upon police request. Appellant's Brief at 18-20. More specifically, Appellant asserts:

> The Commonwealth presented to the jury that [Appellant] had a legal obligation to open the door of his building quickly. [Appellant] told his attorney that he had a requirement to keep inspection certificates and temporary inspection approval indicators under lock and key [pursuant to vehicle and inspection regulations]. [Appellant's] attorney [was ineffective when he] failed to research the regulations and present information regarding the regulations to the jury.

*Id.* at 18. Furthermore, Appellant assails trial counsel's testimony at the PCRA evidentiary hearing wherein counsel stated his strategy at trial was to show

---

[6] At the PCRA evidentiary hearing, trial counsel testified that he called Brough to corroborate Appellant's defense that Appellant did not know Brough was inside the building. N.T., 9/23/2019, at 68. At trial, Brough testified that Appellant believed Brough had gone home for the day and did not know he was still inside. *Id.* Brough claimed that he was engaged in his normal routine of closing the shop for the day when he saw police from a second-floor window and hid. *Id.* Based on the foregoing, we conclude that trial counsel's actions in calling Brough and eliciting testimony to support Appellant's version of events was a reasonable trial strategy.

that Appellant "kept the door closed for a practical reason [because he] was counting a lot of money." *Id.* at 19.

Upon review, we conclude that there is no merit to Appellant's last allegation of trial counsel error. Appellant fails to prove that he was entitled to relief under the PCRA. The evidence in this matter revealed that Appellant and Brough were standing outside when law enforcement arrived. The two men looked directly at the law enforcement vehicles, quickly went inside, and locked the door behind them. Accordingly, the record showed that Appellant locked the door in response to the arrival of law enforcement officials. He was not sitting in a locked office, wholly unaware of police presence, as Appellant seems to suggest. Hence, we conclude that Appellant's contention that trial counsel was ineffective for failing to present inspection regulations as an explanation for locking the office door, or that defense counsel lacked a reasonable basis for presenting evidence that Appellant was counting money instead, is clearly belied by the record. Accordingly, there is no merit to Appellant's claim that trial counsel was ineffective for failing to present inspection regulations at trial to explain Appellant's failure to open the locked office door immediately upon police request. Appellant's final claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2020